## JOHN CASTREE v. FANNY GAVELLE.

A defendant cannot, upon appeal to the general term from a judgment, avail herself, for the first time, of the objection, that when the alleged liability arose, she was a *feme covert*, without having set up that defence in her answer, or raised the objection when the fact appeared in the course of the trial.

Where a woman enters into a contract during coverture, and her husband dies, she is competent, in a suit brought against her thereon, to waive that defence.

And such waiver may be presumed by the appellate court, where the point was not taken either in the pleadings or at the trial.

A mistake in the admission of testimony may be disregarded where the allegation, which the illegal evidence tends to prove, is admitted, or the ground of objection is afterwards obviated.

REVIEW of a judgment entered upon the report of a referee in favor of the plaintiff. The action was for goods sold to the defendant. It appeared in evidence that the defendant was a dressmaker, and that, at the time of the sale, she was a married woman, but become a widow before the suit was brought. Coverture was not pleaded in the answer, nor stated at the trial as an objection to the plaintiff's right of recovery. It was insisted upon, for the first time, on the argument of the appeal.

*Henry H. Morange*, for the defendant.

*Edwin R. Bogardus*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—I am of the opinion that the finding of the referee, upon the questions of fact submitted to him, ought to be deemed conclusive. There was evidence tending to prove the sales, alleged by the plaintiff to have been made, and the mistake, by reason of which he sought to avoid his receipt.

Castree *v.* Gavelle.

The referee erred, I think, in permitting the plaintiff or his witnesses to use, for any purpose, on the trial, a paper copied from the plaintiff's books; (A. No. 1;) but the error was wholly immaterial, for two reasons : first, because the books were themselves afterwards produced, and the original supplied ; and, second and conclusively, because the copy related exclusively to goods, the defendant's liability for which is specifically admitted in the answer, and no proof on the subject was necessary.

A defendant cannot, on appeal from a judgment, for the first time, raise the objection that she was, at the time the alleged liability was created, a *feme covert.* The defendant here neither set up that defence in her answer nor raised the objection on the trial. In her answer she admits having purchased some goods, and admits that she is indebted for goods which, it now appears, she purchased in the lifetime of her husband. She rests her defence upon denials of the sales specifically set forth in the complaint, and the price of such sales, and the value of the goods. And although she denies any indebtedness beyond the amount admitted to be due for goods she admits were sold to her, I think she ought not to be permitted to say, on appeal, for the first time, that because there was evidence given on the trial showing her coverture, the judgment ought to be reversed.

It is, at least, doubtful whether, under the Code, coverture can be insisted upon as a defence, if not set up in the answer ; but if it may, it ought not to prevail when the defendant neither sets it up in the answer nor insists upon it on the trial.

The defendant being a *feme sole* when the suit was brought, ought to be held to have waived that defence, which she was entirely competent to do.

Judgment affirmed.